## SUPERIOR COURT

George J. Wolf  
    vs     No. 58524  
Abraham Dimond

November 21, 1924  
RESCRIPT

GREENE, J. This action is assumpsit to recover an architect's fee for supervising the erection of a building and is now heard on the defendant's motion for a new trial after verdict for the plaintiff.

The plaintiff, who is an architect, testified that he made for an agreed price the plans and specifications of a building which the defendant proposed to build in the city of Woonsocket, and that after these had been accepted, he offered to supervise the erection of the building for three per cent of the cost thereof. He testified further that the defendant at first objected to the price but later gave him the job and that he did actually supervise the erection, going to the building frequently for that purpose, sometimes in the ordinary course of the employment and sometimes at the instance of the defendant, and rendering the services usually rendered by a supervising architect.

On the other hand the defendant denied that he engaged the plaintiff on a percentage basis and testified that after the plans and specifications had been accepted, he engaged the plaintiff to supervise the erection at the rate of $5 per visit and that he actually called the plaintiff and that the plaintiff actually visited the building about twenty times.

The evidence raised a pure question of fact depending for its determination largely upon the degree of credibility to be accorded to the various witnesses and thus presented a typical question for the jury. The verdict was for the plaintiff for the full amount of his claim and in my opinion it was amply warranted by the evidence and is in accordance with the preponderance thereof so far as the terms of the contract are concerned.

The defendant argues, however, that if the plaintiff's theory of the case is accepted, the verdict should nevertheless be set aside by reason of the fact that the services were so defectively performed that he is entitled by way of recoupment to wipe out the entire amount of plaintiff's claim. He claims, among other defects, that in consequence of the improper location of the boiler, the heating system in the building does not function properly and that the cost of repairing this defect will exceed the amount of the plaintiff's commission.

The plaintiff accepted and approved the location and setting of the boiler and was present at one at least of the tests of the heating system, all of which tests were at the time apparently satisfactory. Later in the winter, however, defendant's witnesses testified, whenever a heavy load of steam was generated the water would be driven from the boiler into the steam pipes and radiators render-

ing the whole system ineffective. This defect, an expert from the radiator company testified, was due to the setting of the boiled at too high a level and could be remedied only by resetting it at a lower level. The cost involved in lowering the boiler, other expert witnesses testified, will amount to a sum in excess of the plaintiff's fee.

The argument of the defendant implies that an architect's contract under circumstances like those in this case amounts to a guaranty that his services shall be perfect and without flaw or mistake. I can not agree with this contention. An architect's agreement under such circumstances is not unlike that of an attorney with his client or a physician with his patient, and requires of him, the authorities seem to agree, only the care, diligence, knowledge, skill and ability that are ordinarily possessed and exercised by members of his profession, and if he possesses and exercises these, he has fulfilled the requirements of his contract and cannot be held responsible whatever may be the results.

In the state of the evidence in this case, which does not include expert testimony on the part of any member of the architect's profession, I can not say as a matter of law or infer from the testimony as a matter of fact that the plaintiff failed to exercise the care and diligence requisite for the services which he rendered, or lacked the requisite skill, knowledge and ability required, because perhaps he did not know that the particular boiler installed in the building by the defendant should have been set at a lower level than that at which it was actually placed.

The rejection by the jury of the defendant's claim in recoupment for the alleged damages occasioned by the improper location of the boiler and for the other defects testified to was thus also warranted by the evidence and is in accordance with the preponderance thereof, and, therefore, the motion for a new trial is denied.

For Plaintiff: Frank H. Bellin.
For Defendant: James H. Rickard.